## Richmond

MILDRED B. ALBRIGHT v. THE BOULEVARD BRIDGE CORPORATION.

October 11, 1971.

Record No. 7599.

Present, All the Justices.

*Alfred J. Owings* (*Spinella, Spinella & Owings*, on brief), for plaintiff in error.

*Nathan H. Smith* (*Sands, Anderson, Marks & Clarke*, on brief), for defendant in error.

Per Curiam.

In this personal injury case, the jury returned a verdict in favor of the defendant, The Boulevard Bridge Corporation, and the trial court entered judgment thereon. The plaintiff, Mildred B. Albright, who has appealed, contends that the trial court erred in submitting the issue of her contributory negligence to the jury. Whether the court so erred is the sole question to be decided.

On February 11, 1969, the date of the accident in question, the defendant operated a toll bridge spanning the James River in the city of Richmond. The weather was clear, and the streets approaching the bridge were dry. The temperature was approximately 18° above zero. The plaintiff, after stopping to pay her toll, proceeded south-wardly across the bridge at a speed of 15 to 20 miles per hour. Her vehicle skidded on ice or frost, which had formed on the surface of

the bridge, struck an automobile in the northbound lane about midway across the span, and came to rest against a guardrail. The plaintiff was injured.

The plaintiff testified that after paying her toll, she drove down an inclined ramp toward the bridge and her car "started to fishtail" on ice on the ramp surface. She stated that her vehicle slid approximately three-fourths of the way across the 2031-foot span before coming to rest. She said that she could not see the ice before she started sliding because a curve in the roadway approaching the bridge blocked her vision.

There was other evidence, however, which indicated that the plaintiff did not start skidding until she was alongside an old toll booth located on the bridge a considerable distance from the point where she claimed her skid started. There was also evidence that only the surface of the bridge itself, and not of the ramp, was icy. And there was evidence that the icy condition of the bridge could be observed by motorists proceeding in the same direction as the plaintiff at a point well before the ice was reached and in time to avoid skidding thereon.

From the evidence, reasonable men could differ about whether the plaintiff started skidding where she said she did, about whether there was ice on the ramp where she said she first skidded, and about whether she should have seen the icy condition of the bridge in time to avoid skidding. Thus, a typical jury question was presented, and the trial court did not err in permitting the trier of fact to resolve the issue of the plaintiff's contributory negligence.

*Affirmed.*